

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

GABRIEL CARDONA, §
also known as Gabriel Cardona-Ramirez, §
a.k.a. "Pelon", a.k.a. "Gaby", §
TDCJ No. 01444672, §
§
Petitioner, §
§
v. § Civil Action No. 7:16-cv-00125-O-BP
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

## REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Petitioner Gabriel Cardona's Petition for Writ of Habeas Corpus (ECF No. 1), filed on October 14, 2016, along with Petitioner's Request for Appointment of Counsel (ECF No. 5) and Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6), both filed on October 18, 2016. This case was referred to the undersigned pursuant to Special Order No. 3-251 on October 14, 2016. A motion for the appointment of counsel is a nondispositive matter that may be decided by a magistrate judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Anderson v. Gooden*, No. 5:14CV57, 2014 WL 12182352, at *1 (E.D. Tex. Sept. 24, 2014). An order denying habeas relief is a dispositive order to which the undersigned may only make a recommendation to United States District Judge Reed O'Connor. *See McDaniel v. Jones*, 456 F.2d 1254, 1255 (5th Cir. 1972). An order denying a motion for leave to proceed *in forma pauperis* is also a dispositive

order to which the undersigned may only issue a recommendation pursuant to Miscellaneous Order No. 6 of the Northern District of Texas, Rule 2(a)(4)(b).

After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that Judge O'Connor DENY the Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice as time-barred and DENY Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6). Further, it is **ORDERED** that Petitioner's Request for Appointment of Counsel (ECF No. 5) should be and is hereby **DENIED**.

## I. Motion for Appointment of Counsel

"[T]here is no constitutional right to counsel in habeas corpus actions[.]" *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992). The Court will appoint counsel to represent Petitioner only if his petition for post-conviction relief raises a substantial legal issue or an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases, Rule 8(c). The Court cannot make that determination until it reviews the pleadings and state court record. Petitioner's Request for Appointment of Counsel (ECF No. 5) is **DENIED**.

## II. Report and Recommendation Denying Leave to Proceed *In Forma Pauperis*

Petitioner's six-month inmate trust account statement reflects a current balance of $127.91, with deposits over the past six months totaling $447.91. ECF No. 6 at 4. Although Petitioner has filed a motion to proceed *in forma pauperis*, thereby requesting that this Court allow him to proceed without prepayment of fees or security therefor, Petitioner also states that he will be paying the $5.00 filing fee in this matter. *See* 28 U.S.C. § 1915; ECF No. 6 at 1. Accordingly, Petitioner has not demonstrated that he lacks the financial ability to pay the filing fee without "suffering undue hardship." *Webster v. Chertoff*, No. 3:06-CV-0438-M, 2006 WL 757875, at *1 (N.D. Tex. Mar. 20, 2006) (quoting *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)). Furthermore,

Petitioner's average six month balance far exceeds the IFP threshold. *See* Miscellaneous Order No. 6, Rule 2(a)(4)(a)(i). Therefore, the undersigned RECOMMENDS that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) be DENIED.

### III. Report and Recommendation Denying Habeas Relief

*i. Background*

This case involves a Petition for Writ of Habeas Corpus filed by Gabriel Cardona ("Petitioner"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. Petitioner seeks to challenge his state convictions of three counts of murder. *Id.* at 5. Petitioner alleges various claims of ineffective assistance of counsel and due process and equal protection violations in connection with his plea bargain and guilty plea. ECF No. 1-1. In particular, Petitioner alleges that (1) trial counsel failed to "fully explain the nature and cause of the accusation i.e. the accomplice witness corroboration rule"; (2) trial counsel rendered "faulty advice and false promise"; (3) Petitioner's due process rights were violated because of an involuntary plea and unenforceable bargain; (4) Petitioner's due process rights were violated by the state court's acceptance of his guilty plea; (5) there was an "equal protection clause violation and due process of remedy" at the state court level; and (6) "cumulative error[.]" *Id.*

*ii. Legal standard and analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). A district court may sua sponte raise the one-year limitation period under AEDPA. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (citing *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999)). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The 49th Judicial District Court of Webb County, Texas sentenced Petitioner to 80 years of imprisonment on April 16, 2007 after accepting his guilty plea. ECF No. 1 at 2. Petitioner did not directly appeal the judgment of conviction in state appellate court. *Id.* at 3. Because Petitioner was convicted by a Texas court, the Texas Rules of Appellate Procedure govern and here required that to timely appeal his conviction, Petitioner must have filed a notice of appeal within 30 days after the day the court imposed his sentence. Tex. R. App. P. 26.2(a). Petitioner's conviction became final under the applicable AEDPA subsection on May 16, 2007, when his time to directly appeal his state conviction expired. 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review[.]"). Therefore, the one-year period in which Petitioner was required to file a petition for writ of habeas corpus expired on May 17, 2008.

4

Petitioner took no action until May 5, 2015, almost seven years from the expiration of his one-year filing period, when he filed a writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 in the Texas Court of Criminal Appeals. ECF No. 1 at 3-4. A state habeas application filed after the expiration of the federal statute of limitations does not operate to revive the limitation period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Petitioner is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown any undiscovered factual predicate underlying his grounds for relief.[1]

This Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

---

[1] Petitioner's cursory allegations that the law library created a State impediment to his application, and that he did not discover the factual predicates (here, ineffective assistance of counsel in 2006-2007) for a period of 7 years after his conviction, are insufficient to establish that he is entitled to tolling of the statute of limitations, which expired prior to these allegations. *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995) ("[P]etitioner must set forth specific allegations of fact, not mere conclusory allegations.").

5

Case 7:16-cv-00125-O Document 7 Filed 11/01/16 Page 6 of 9 PageID 42

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Petitioner meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 Fed. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's 11-month delay in seeking state

postconviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost 11 months to file a state habeas application). Accordingly, this case is subject to dismissal as barred by the statute of limitations.

Petitioner argues that he is entitled to equitable tolling on various grounds: (1) Petitioner was incarcerated in facilities with either "a woeful law library" or no law library, so that he did not have access to the AEDPA statute or know what it was until he purchased a "Habeas Corpus book" on December 11, 2015; (2) Petitioner "had to learn fluent English"; (3) Petitioner's confinement in Administrative Segregation limited his ability to conduct legal research; (4) the law library "consistently denied or delayed" Petitioner's ability to conduct research, which Petitioner asserts constitutes a "state impediment"; (5) Petitioner did not discover the "factual predicates until mid-March – early-April 2015"; (6) "miscarriage of justice exception"; and (7) "AEDPA is inapplicable on plea cases[.]" ECF No. 1 at 9. Petitioner has not alleged sufficient facts to show that he is entitled to equitable tolling on any claim. *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995) ("[P]etitioner must set forth specific allegations of fact, not mere conclusory allegations."). Furthermore, Petitioner's sixth[2] and seventh[3] one-sentence allegations are meritless.

---

[2] The "fundamental miscarriage of justice" exception applies only in an extraordinary case where a prisoner makes a credible showing of actual innocence sufficient to overcome a procedural bar to relief. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). The United States Supreme Court stated in *McQuiggin* that "the miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Here, Petitioner does not even allege, and consequently fails to make a credible showing, that he is actually innocent of the crimes to which he pleaded guilty.

[3] Petitioner's statement that AEDPA does not apply to guilty pleas is factually inaccurate and unsupported by Fifth Circuit precedent. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 169 (5th Cir. 2000).

Each of Petitioner's claims fails to allege the "rare and exceptional circumstances" required by Fifth Circuit precedent to allow a time-barred habeas petition to proceed. In particular, the Fifth Circuit has explicitly rejected claims that an allegedly inadequate law library constitutes a "rare and exceptional circumstance" warranting equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). In *Felder*, the Fifth Circuit further rejected the claim that lack of notice of the AEDPA statute is sufficient to toll the statute of limitations, holding that:

> In defining the one-year statute of limitations in § 2244(d), Congress explicitly laid out three circumstances under which the statute of limitations would begin to run after the date on which the prisoner's judgment became final. We have previously noted that Congress did not provide for tolling based on a failure to receive timely notice. . . . To hold otherwise would characterize as "rare and exceptional" circumstances that countless other prisoners could claim as their own.

*Id.* (internal citations omitted). Summarily, Petitioner fails to show he is entitled to equitable tolling of the statute of limitations. Petitioner has neither alleged the requisite "rare and extraordinary circumstances" to equitably toll the statute of limitations that expired eight years ago nor shown that he has been "pursuing his rights diligently" and that some "extraordinary circumstance stood in his way" to prevent timely filing. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner is not entitled to equitable tolling to allow his time-barred petition to proceed; therefore, his habeas petition is barred by the statute of limitations and should be DENIED with prejudice.

*iii. Conclusion*

Because Petitioner has not shown that he is entitled to equitable tolling of his time-barred habeas petition, the undersigned RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 1) be DENIED with prejudice as time-barred.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 1, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE