IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GABRIEL CARDONA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil No. 7:16-CV-125-O |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, of the Report and Recommendation of the United States Magistrate Judge and of Petitioner's objections thereto, I am of the opinion that the findings of fact, conclusions of law, and reasons for dismissal set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

The Magistrate Judge has recommended dismissal of this action as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* ECF No. 7. Review of the record reflects that Petitioner is not entitled to statutory tolling of the limitation period and that he has failed to set forth facts or argument sufficient to provide for equitable tolling of the limitation period.

In his objections, Petitioner complains that the United States Magistrate Judge improperly raised the statute of limitations issue *sua sponte*, and that the statute of limitations is an affirmative defense that can be waived by the State. *See* Petitioner's Objections, ECF No. 11 at 4-6. He

argues that the State should be required to answer his petition and determine on it's own whether or not to waive the limitations defense. *Id.* Petitioner further argues that he was subjected to "legal ambush" by the Magistrate Judge who entered his Report and Recommendation without affording Petitioner a meaningful opportunity to present his position on the limitations issue. *Id.* at 6-8. Petitioner argues that he is entitled to equitable tolling of the statute of limitations. *Id.* at 8-15. Finally, Petitioner argues that he was denied equal protection because he was treated differently than similarly situated defendants and that his equal protection claim is not time-barred. *Id.* at 15.

Even though the AEDPA one-year statute of limitations is an affirmative defense, the Court may raise the issue *sua sponte* consistent with Rule 4 of the Rules Governing Section 2254 cases. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Rule 4 permits the Court to examine and dismiss habeas petitions prior to any response by the State. In *Day v. McDonough*, 547 U.S. 198, 210-11 (2006), the United States Supreme Court held that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. The Court recognized, however, that parties should be provided with fair notice and an opportunity to present their position before *sua sponte* dismissal of a time-barred petition. *Day*, 547 U.S. at 210-11; *see Wood v. Milyard*, ___U.S.___, 132 S.Ct. 1826, 1834 (2012) ("where the petitioner is accorded a fair opportunity to present his position, ... a district court [may] consider the [statute of limitations] defense on its own initiative").

In the petition filed in the instant case, Petitioner conceded that his habeas action was filed more than one year after his conviction became final. *See* Petition, ECF No. 1 at 9. In his petition, he set forth arguments in support of his claim for equitable tolling of the limitation period. *Id.* The

United States Court of Appeals for the Fifth Circuit has held that, in this situation, *sua sponte* dismissal without explicit notice of the limitations issue prior to dismissal is appropriate. *See Deleon v. Stephens*, 541 Fed. App'x 492, 493 (5th Cir. 2013) (affirming district court's *sua sponte* dismissal on limitation grounds without prior notice where petitioner acknowledged in his petition that his habeas claims were filed more than one year after his conviction became final and set forth arguments against application of the statute of limitations). Petitioner was aware of the limitations issue at the time of filing. Moreover, Petitioner was put on notice of the limitations issue by virtue of the Magistrate Judge's Report and Recommendation, which is not a final order of dismissal. Petitioner was then granted a 30-day extension of time in which to file his objections. *See* Order, ECF No. 10. Petitioner filed his objections and has again set forth his arguments in favor of equitable tolling. *See* Petitioner's Objections, ECF No. 11. Therefore, contrary to his objections, Petitioner has been afforded explicit notice and ample opportunity to be heard prior to dismissal. Petitioner's objections are **OVERRULED**.

The Court notes that, although Petitioner was convicted in Webb County, Texas, which lies within the geographical boundaries of the Southern District of Texas, Laredo Division, he is confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Iowa Park lies within the boundaries of the Northern District of Texas, Wichita Falls Division. Therefore, this Court has the authority to entertain the instant petition. *See* 28 U.S.C. § 2241(d) (a habeas petition may be filed in the district of incarceration or in the district of conviction).

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** as **TIME-BARRED**.

After entry of the Magistrate Judge's Report and Recommendation, Petitioner paid the $5.00 filing fee for this action. Therefore, his motion for leave to proceed *in forma pauperis* (ECF No. 6) is **DENIED** as **MOOT**.

**SO ORDERED** this **16th day** of **December, 2016.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**